**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**EDWARD DUFFIN,**

        **Plaintiff,**               **CIVIL ACTION NO. 08-CV-10419-DT**

    **vs.**

                           **DISTRICT JUDGE BERNARD A. FRIEDMAN**

**WASHTENAW COUNTY,**       **MAGISTRATE JUDGE MONA K. MAJZOUB**
**SHERIFF'S DEP'T,**

        **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

**I.**    **RECOMMENDATION**: Defendant's Motion to Dismiss (docket no. 10) should be

**GRANTED**, and this action should be dismissed.

**II.**    **REPORT:**

    *A.*    *Facts and Procedural History*

Plaintiff filed his Complaint on January 30, 2008. (Docket no. 1). Plaintiff complains of not

receiving proper medical care while he was incarcerated in the Washtenaw County Jail. (*Id*.). He

alleges that his medication was withheld by the health care service unit and that the unit denied him

proper protection from cold temperatures. (*Id*.). Plaintiff seeks $500,000 in damages. (*Id*.).

Plaintiff was apparently released from the jail on March 19, 2008 and has not kept the Court or

defense counsel apprised of his current address. (Docket no. 12). The Court construes Plaintiff's

Complaint as a civil rights action based on confinement conditions and for deliberate indifference

to a serious medical need in violation of the Eighth Amendment pursuant to 42 U.S.C. § 1983.

Plaintiff is representing himself and proceeding *in forma pauperis*. (Docket no. 6).

Defendant filed its Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6) on April 28, 2008. (Docket no. 10). Plaintiff has not filed a Response. All pretrial matters have been referred to the undersigned for decision. (Docket no. 8). Defendant argues that this action should be dismissed because a Michigan sheriff's department is not an entity capable of being sued and because Plaintiff has sued the wrong party because the healthcare corporation is a private healthcare entity separate from the sheriff's department. (Docket no. 10).

B.      *Standard of Review*

Dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6) is appropriate when it is clear that no relief could be granted under any set of facts that could be proved consistent with Plaintiff's allegations. *Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987). In considering this motion, the Court must accept as true the well-pleaded factual allegations in Plaintiff's complaint. (*Id.*). The Court does not have to accept as true legal conclusions or unwarranted factual inferences, however. (*Id.*).

C.      *Analysis*

This action should be dismissed because the Washtenaw County Sheriff's Department is not an entity capable of being sued. *See Hughson v. County of Antrim*, 707 F. Supp. 304, 306 (W.D. Mich. 1988) (sheriff is constitutional officer and an individual; sheriff's department does not exist). Moreover, Plaintiff has failed to allege any facts stating a claim cognizable under section 1983 against the sheriff's department. All of Plaintiff's allegations concern the actions of other entities. Therefore, for this additional reason Plaintiff's Complaint should be dismissed. A defendant against whom the Plaintiff fails to make any allegations in the Complaint is entitled to be dismissed from the action. *See Potter v. Clark*, 497 F.2d 1206, 1207 (7th Cir. 1974) (where complaint alleges no

specific act or conduct by party and complaint is silent as to party except for name in caption, dismissal is proper even for *pro se* plaintiffs); *Eckford-El v. Toombs*, 760 F. Supp. 1267, 1272-73 (W.D. Mich. 1991) (dismissing defendants because complaint filed *pro se* named them in caption but failed to allege specific conduct by them in allegedly wrongful actions).

### III.    NOTICE TO PARTIES REGARDING OBJECTIONS:

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n Of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Any objections must be labeled as "Objection #1," "Objection #2," etc.  Any objection must recite *precisely* the provision of this Report and Recommendation to which it pertains.  Not later than ten days after service of an objection, the opposing party must file a concise response

proportionate to the objections in length and complexity. The response must specifically address each issue raised in the objections, in the same order and labeled as "Response to Objection #1," "Response to Objection #2," etc.

Dated: ___May 30, 2008_____        _s/Mona K. Majzoub_____
                                          MONA K. MAJZOUB
                                          UNITED STATES MAGISTRATE JUDGE

**<u>PROOF OF SERVICE</u>**

I hereby certify that a copy of this document was served upon Edward Duffin and Counsel of Record on this date.

Dated: May 30, 2008                      s/ Lisa C. Bartlett_____
                                          Courtroom Deputy
                                          Lisa_Bartlett@mied.uscourts.gov
                                          313-234-5206